IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PROFESSIONAL CREDIT SERVICE,**  PLAINTIFF
**the assumed business name of Ray Klein,**
**Inc., a Washington corporation**

V.  NO. 4:23-CV-61-DMB-JMV

**KESSA MAURAS, an individual**  DEFENDANT

### ORDER

After Professional Credit Service obtained an entry of default[1] against Kessa Mauras based on certain notes and agreements between Mauras and John Belknap, Professional Credit Service's client, the Court granted in part Professional Credit Service's motion for a default judgment "such that a default judgment will be entered against Mauras as to the loan balance [of $145,100.94] plus interest." Doc. #13 at 9. But because Professional Credit Service "fail[ed] to include a calculation and description of the hours its attorneys worked on the matter and the associated rates," the Court denied the motion to the extent it sought attorneys' fees and costs and allowed Professional Credit Service fourteen days to "submit specific information supporting its request for attorneys' fees and costs." *Id.*

Within the time allowed, Professional Credit Service filed as a motion a document titled "Submission for Attorneys' Fee Award"[2] in which it requests "attorneys' fees in the amount of $3,330.44, for a final judgment amount of $148,431.38." Doc. #14 at 3. In support, Professional Credit Service attached as an exhibit an "Affidavit on Attorneys' Fees" by its attorney of record

---

[1] Docs. #9, #10.

[2] According to the certificate of service, Professional Credit Service mailed the document to Mauras. Doc. #14 at PageID 84. Mauras did not respond.

"outlining … (1) attorneys working on this matter; (2) rates for such attorneys; (3) total amount of attorneys' fees and costs incurred by [it]; and (4) copies of the invoices sent to [it]." *Id.* at 1; Doc. #14-1. It also attached the "Proof of Service" reflecting its attempts to effectuate service on Mauras before it successfully did so. Doc. #14-2. Professional Credit Service submits:

> The fees incurred by [it] were for the receipt and review of the underlying loan documents and preparation of the Complaint filed in this matter. Additionally, the costs incurred were the filing fee and the costs to attempt to serve … Mauras ….
>
> …
>
> The rates charged by these attorneys [who worked on this matter], based on their experience level in the relevant practice areas is reasonable.
>
> The total number of attorney hours was 8.4 hours …. The work done to accumulate these fees include a review of the original loan documents, and assignments thereof, and preparation of the Complaint filed in this matter. The total amount of attorneys' fees is $2,582.00.
>
> Additionally, $748.44 in costs were incurred in this matter. This included a filing fee of $402, as well as various expenses in attempting to locate and serve [Mauras] with process.

Doc. #14 at 2.[3]

As this Court explained in its November 28 ruling, where attorneys' fees are authorized by contract, as they are here,[4] the Court may award reasonable fees upon its consideration of certain factors.[5] Doc. #13 at 8. Reasonableness may be determined by calculating "the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Id.* at 9 (citing *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 522 (Miss. 2007)).

---

[3] Professional Credit Service identifies the attorneys as (1) Gabe J. Quistorff at a rate of $280 an hour; (2) Jonathan P. Hoffman at a rate of $340 an hour; and (3) Matthew W. McDade at a rate of $390 an hour. Doc. #14 at 2.

[4] *See* Doc. #13 at 8 (discussing contract provisions).

[5] Eight factors are enumerated in Mississippi Rule of Professional Conduct 1.5(a), including "the time and labor required," "the fee customarily charged in the locality for similar legal services," and "the amount [of time] involved and the results obtained."

Having considered the documents submitted by Professional Credit Service, which include a calculation and description of the hours its attorneys worked on this case and their associated rates, the Court concludes that the amount of fees and costs sought are reasonable.[6] Accordingly, Professional Credit Services' request for attorneys' fees [14] is **GRANTED**. A final judgment will be entered in the total amount of $148,431.38 ($145,100.94 plus $3,330.44 in attorneys' fees).

**SO ORDERED**, this 16th day of January, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] *See Cascio v. Cascio Invs., LLC*, 327 So. 3d 59, 93 (Miss. 2021) (hourly rate of $300 to $470 reasonable in routine breach-of-contract case).